IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>TOM ALEX THOMPSON, JR. AKA<br>TOM THOMPSON,<br><br>    Debtor. | CASE NO. 17-64990-wlh<br><br>CHAPTER: 13<br><br>HONORABLE WENDY L. HAGENAU |
| THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO THE CHASE MANHATTAN BANK, AS INDENTURE TRUSTEE FOR RESIDENTIAL FUNDING MORTGAGE SECURITIES II, INC., HOME LOAN TRUST 2000-HI5, HOME LOAN-BACKED NOTES,<br><br>    Movant,<br>v.<br><br>TOM ALEX THOMPSON, JR. AKA<br>TOM THOMPSON, Debtor,<br>NANCY J. WHALEY, Trustee,<br><br>    Respondents. | |

**RESPONSE TO DEBTOR'S MOTION TO SELL REAL PROPERTY**

  **COMES NOW,** The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to The Chase Manhattan Bank, as Indenture Trustee for Residential Funding Mortgage Securities II, Inc., Home Loan Trust 2000-HI5, Home Loan-Backed Notes ("Respondent"), by and through its undersigned counsel, as and for its Response to Debtor's Motion to Sell Real Property ("Response"), and in support states as follows:

# I. STATEMENT OF FACTS

1. On August 25, 2000, Tom Alex Thompson, Jr. ("Debtor") executed a promissory Note in the principal sum of $35,000.00 (the "Note"). The Note is secured by a Security Deed executed by Debtor on the real property located at 3110 Clearwater Drive, Douglasville, GA 30135 (the "Property"). The Security Deed reflects that it was duly recorded. Copies of the Note and Security Deed are collectively attached hereto as Exhibit A.

2. On August 28, 2017, the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Georgia - Atlanta Division, and was assigned case number 17-64990-wlh.

3. On April 13, 2020, the Debtor filed a Motion to Approve Sale of Real Property (the "Motion") seeking authorization to sell the Property.

# II. RESPONSE

**RESPONDENT DOES NOT OPPOSE THE MOTION TO SELL ON THE CONDITION THAT THE FOLLOWING PROVISIONS ARE INCLUDED IN THE ORDER:**

Respondent does not oppose the Motion to Sell as long as its Claim being paid off in full or in accordance with any short sale approved by Respondent as follows:

1. Respondent's Claim shall be paid off in full or in accordance with any short sale approval authorized by Respondent before satisfying any other subordinate lien on the Property;

2. Respondent shall be permitted to submit an updated payoff demand to the applicable escrow or title company facilitating the sale so that Respondent's Claim is paid in full at the time the sale of the Property is finalized. In the event that the sale of the Property does not take place, Respondent shall retain its Lien for the full amount due under the Subject Loan; and

3. To the extent that Debtor disputes any amounts which Respondent claims are owed on the Subject Loan, that the undisputed amount of Respondent's Claim be paid at the close of the sale and for the disputed amount of Respondent's claim to be segregated in an interest bearing account with an additional $10,000 in sale proceeds pending further Order of the bankruptcy court

to allow for Respondent's potential recovery of any of its reasonable attorney's fees and costs incurred to the extent that Respondent successfully establishes its right to the disputed amount due on its Claim.

Based on the foregoing, Respondent submits its Response to the Motion to Sell, and respectfully requests that the above-referenced provisions be included in any Order granting the Motion to Sell.

/s/ *Radha Gordon*
Radha Gordon, Bar No.: 347192
Attorney for Movant
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147
Email: rgordon@aldridgepite.com

# NOTE

Loan No.: ▮

August 25, 2000          DOUGLASVILLE          Georgia
[Date]                     [City]                   [State]

3110 CLEARWATER DRIVE, DOUGLASVILLE, GA 30135-2955
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 35,000.00 (this amount will be called "principal"), plus interest, to the order of the Lender. The Lender is COMMUNITY BANK OF NORTHERN VIRGINIA

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to received payments under this Note will be called the "Note Holder."

### 2. INTEREST

I will pay interest at a yearly rate of 13.990 %.

Interest will be charged on unpaid principal until the full amount of principal has been paid.

### 3. PAYMENTS

I will pay principal and interest by making payments each month of U.S. $ 434.98

I will make my payments on the 30th day of each month beginning on September 30, 2000

I will make these payments every month until I have paid all of the principal and interest and any other charges, described below, that I may owe under this Note. If, on August 30, 2020, I still owe amounts under this Note, I will pay all those amounts, in full, on that date.

I will make my monthly payments at COMMUNITY BANK OF NORTHERN VIRGINIA, 107 FREE CT., Sterling, VA 20164 or at a different place if required by the Note Holder.

### 4. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any of my monthly payments by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment, but not less than U.S. $ N/A and not more than U.S. $ 21.75 . I will pay this late charge only once on any late payment.

**(B) Notice From Note Holder**

If I do not pay the full amount of each monthly payment on time, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date I will be in default. That date must be at least 10 days after the date on which the notice is mailed to me or, if it is not mailed, 10 days after the date on which it is delivered to me.

**(C) Default**

If I do not pay the overdue amount by the date stated in the notice described in (B) above, I will be in default. If I am in default, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount.

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(D) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back for all of its costs and expenses to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 5. THIS NOTE SECURED BY A DEED

In addition to the protections given to the Note Holder under this Note, a Security Deed, dated August 25, 2000 protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note.

**GEORGIA—SECOND MORTGAGE—1/80—FNMA/FHLMC UNIFORM INSTRUMENT**      Form 3911
*LaserDoc (TM) by Delphi Information Sciences Corp. DE295-1.0896*      Page 1 of 2

NOTE  377382I  Thompson  3808898865  DAN8376

**EXHIBIT A**

**BORROWER'S PAYMENTS BEFORE THEY ARE DUE**

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment." A prepayment of only part of the unpaid principal is known as a "partial prepayment."

I may make a full prepayment or a partial prepayment without paying any penalty. The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make a partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those delays or changes. I may make a full prepayment at any time. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

**7. BORROWER'S WAIVERS**

I waive my rights to require the Note Holder to do certain things. Those things are: (A) to demand payment of amounts due (known as "presentment"); (B) to give notice that amounts due have not been paid (known as "notice of dishonor"); (C) to obtain an official certification of nonpayment (known as a "protest'). Anyone else who agrees to keep the promises made in this Note, or who agrees to make payments to the Note Holder if I fail to keep my promises under the Note, or who signs this Note to transfer it to someone else also waives these rights. These persons are known as "guarantors, sureties and endorsers."

**8. GIVING OF NOTICES**

Any notice that must be given to me under this Note will be given by delivering it or by mailing it by certified mail addressed to me at the Property Address above. A notice will be delivered or mailed to me at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by mailing it by certified mail to the Note Holder at the address stated in Section 3 above. A notice will be mailed to the Note Holder at a different address if I am given a notice of that different address.

**9. RESPONSIBILITY OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each of us is fully and personally obligated to pay the full amount owed and to keep all of the promises made in this Note. Any guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to do these things. The Note Holder may enforce its rights under this Note against each of us individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note. Any person who takes over my rights or obligations under this Note will have all of my rights and must keep all of my promises made in this Note. Any person who takes over the rights or obligations of a guarantor, surety, or endorser of this Note (as described in Section 7 above) is also obligated to keep all of the promises made in this Note.

WITNESS the hands and seals of the undersigned.

_Tom A. Thompson_ (Seal) _____ (Seal)
TOM A. THOMPSON          -Borrower                    -Borrower

_____ (Seal) _____ (Seal)
                        -Borrower                    -Borrower

_____ (Seal) _____ (Seal)
                        -Borrower                    -Borrower

_____ (Seal) _____ (Seal)
                        -Borrower                    -Borrower

*(Sign Original Only)*

LaserDoc (TM) by Delphi Information Sciences Corp. DE295-2.0896

**Form 3911**
Page 2 of 2

**EXHIBIT A**

Loan No.:

## RIDER TO NOTE

THIS RIDER TO NOTE (the "Note Rider") is made this 25th day of August, 2000 , and is incorporated into and shall be deemed to amend and supplement the Note made by the undersigned (the "Borrower") payable to COMMUNITY BANK OF NORTHERN VIRGINIA

(the "Lender") and dated as of even date herewith (the "Note"). I understand that the Lender may transfer the Note, the related Security Instrument (the "Security Instrument") and this Note Rider. The Lender or anyone who takes the Note, the Security Instrument, and this Note Rider by transfer and who is entitled to receive payments under the note is called the "Note Holder".

In consideration of the Lender's agreement to provide the loan evidenced by the Note and is material inducement to the Lender to grant such loan and the terms set forth in the Note, the undersigned agree that the following provision shall be effective, and that the Note shall contain and be subject to the following provision, notwithstanding any provision to the contrary contained in the Note, the Security Instrument, securing the Note, or other loan document:

**PREPAYMENT PENALTY:**

I have the right to make payments of principal at any time before they are due but may be required to pay a prepayment charge. A payment of principal only is known as a "prepayment". When I make a prepayment, I will tell the Note Holder in a letter that I am doing so. A prepayment of all of the unpaid principal is known as a "full prepayment". A prepayment of only part of the unpaid principal is known as a "partial prepayment". A prepayment of only part of the unpaid principal is known as a "partial prepayment". If I make a full prepayment within 36 months from the date of this Note, I will be required to pay a prepayment charge. This charge will not exceed two percent (2%) of the principal amount at the time of prepayment.

The Note Holder will use all of my prepayments to reduce the amount of principal that I owe under this Note. If I make partial prepayment, there will be no delays in the due dates or changes in the amounts of my monthly payments unless the Note Holder agrees in writing to those changes. If I choose to make a partial prepayment, the Note Holder may require me to make the prepayment on the same day that one of my monthly payments is due. The Note Holder may also require that the amount of my partial prepayment be equal to the amount of principal that would have been part of my next one or more monthly payments.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note Rider.

_/s/ Tom A. Thompson_
(Seal)                                                      Borrower        (Seal)                                      Borrower
TOM A. THOMPSON


(Seal)                                                      Borrower        (Seal)                                      Borrower


(Sign Original Only)
(Do Not Sign In Blanks If Text Are Not filled In.)

CBNV 2ND MORTGAGE
PPPRIDR2.0299

**EXHIBIT A**

BK  PG
1356 0271    FILED

RETURN TO:
JOE L. GABLE, LLC
6608 CHURCH STREET
DOUGLASVILLE, GA 30134

2000 SEP 19 P 2: 03

After Recordation Return to:

COMMUNITY BANK OF NORTHERN VIRGINIA
11000 BROKEN LAND PKWY. 3RD FLOOR
Columbia, MD 21044

Loan No.: ▮▮▮▮▮▮  [Space Above This Line For Recording Data]

GEORGIA INTANGIBLE TAX PAID
$ 105.00  DATE 9-19-00
CINDY W. CHAFFIN, CSC

## SECURITY DEED

THIS DEED is made this   25th   day of   August,   2000   , between the Grantor,
TOM A. THOMPSON

(herein "Borrower"),
and the Grantee,   COMMUNITY BANK OF NORTHERN VIRGINIA
, a corporation organized and
existing under the laws of    VIRGINIA                                     , and whose address is
107 FREE CT., Sterling, VA 20164
(herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $   35,000.00   ,
which indebtedness is evidenced by Borrower's note dated   August 25, 2000   and extensions
and renewals thereof (herein "Note"), providing for monthly installments of principal and interest, with the balance of the indebtedness,
if not sooner paid, due and payable on   August 30, 2020

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Deed to Secure Debt; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby grant and convey to Lender and Lender's successors and assigns, with power of sale, the following described property located in the County of
DOUGLAS                      , State of Georgia:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF.

which has the address of
3110 CLEARWATER DRIVE, DOUGLASVILLE, GA 30135-2955
["Property Address"]

GEORGIA — Second Mortgage — 1/80 — FNMA/FHLMC UNIFORM INSTRUMENT         Form 3811
LaserDoc (TM) by Delphi Information Sciences Corp  DE218-1 0797                  Page 1 of 5

EXHIBIT A

TO HAVE AND TO HOLD such property unto Lender and Lender's successors and assigns forever, together with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Deed; and all of the foregoing, together with said property (or the leasehold estate if this Deed is on a leasehold) are hereinafter referred to as the "Property."

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.

**2. Funds for Taxes and Insurance.** Subject to applicable law or a written waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Deed, and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional Lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Deed that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Deed.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Deed, Lender shall promptly refund to Borrower any Funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Deed.

**3. Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.

**4. Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Deed, and leasehold payments or ground rents, if any.

**5. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require. The insurance carrier providing the insurance shall

be chosen by Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Deed.

**6. Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Deed is on a leasehold. If this Deed is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

**7. Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Deed, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Deed, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Deed. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

**8. Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

**9. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Deed.

**10. Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Deed granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Deed by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

**11. Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Deed, but does not execute the Note, (a) is co-signing this Deed only to grant and convey that Borrower's interest in the Property to Trustee under the terms of this Deed, (b) is not personally liable on the Note or under this Deed, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Deed or the Note, without that Borrower's consent and without releasing that Borrower or modifying this Deed as to that Borrower's interest in the Property.

**12. Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Deed shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Deed shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

**13. Governing Law; Severability.** The state and local laws applicable to this Deed shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Deed. In the

**EXHIBIT A**

event that any provision or clause of this Deed or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Deed or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Deed and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

**14. Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Deed at the time of execution or after recordation hereof.

**15. Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

**16. Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Deed. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Deed.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Deed. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Deed without further notice or demand on Borrower.

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

**17. Acceleration; Remedies.** Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Deed, including the covenants to pay when due any sums secured by this Deed, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Deed and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Deed to be immediately due and payable without further demand and may invoke the power of sale herein granted (and Borrower hereby appoints Lender the agent and attorney-in-fact for Borrower to exercise said power of sale) and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorneys' fees.

If Lender invokes the power of sale, Lender shall mail a copy of a notice of sale to Borrower in the manner provided in paragraph 12 hereof and shall give notice of sale by public advertisement for the time and in the manner prescribed by applicable law, Lender, without further demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in such order as Lender may determine. Lender or Lender's designee may purchase the property at any sale.

Lender shall deliver to the purchaser Lender's deed to the Property in fee simple and Borrower hereby appoints Lender Borrower's agent and attorney-in-fact to make such conveyance. The recitals in Lender's deed shall be prima facie evidence of the truth of the statements made therein. Borrower covenants and agrees that Lender shall apply the proceeds of the sale in the following order: (a) to all reasonable costs and expenses of the sale, including, but not limited to, reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Deed; and (c) the excess, if any, to the person or persons legally entitled thereto. The power and agency hereby granted are coupled with an interest, are irrevocable by death or otherwise and are cumulative to the remedies for collection of said indebtedness as provided by law.

If the Property is sold pursuant to this paragraph 17, Borrower, or any person holding possession of the Property through Borrower, shall immediately surrender possession of the Property to the purchaser at such sale. If possession is not surrendered, Borrower or such person shall be a tenant holding over and may be dispossessed in accordance with applicable law.

**18. Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Deed due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Deed discontinued at any time prior to the earlier to occur of (i) the fifth day before sale of the Property pursuant to the power of sale contained in this Deed or (ii) entry of a judgment enforcing this Deed if: (a) Borrower pays Lender all sums which would be then due

Loan No.:

under this Deed and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Deed; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Deed, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Deed, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Deed shall continue unimpaired. Upon such payment and cure by Borrower, this Deed and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

**19. Assignment of Rents; Appointment of Receiver; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender or the receiver shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, receiver's fees, premiums on receiver's bonds and reasonable attorneys' fees, and then to the sums secured by this Deed. Lender and the receiver shall be liable to account only for those rents actually received.

**20. Release.** Upon payment of all sums secured by this Deed, Lender shall cancel this Deed without charge to Borrower. Borrower shall pay all costs of recordation, if any.

**21. Waiver of Homestead.** Borrower hereby waives all right of homestead exemption in the Property.

**21. Assumption Not a Novation.** Lender's acceptance of an assumption of the obligations of this Deed and the Note, and any release of Borrower in connection therewith, shall not constitute a novation.

**23. Deed to Secure Debt.** This conveyance is to be construed under the existing laws of the State of Georgia as a security deed passing title, and not as a mortgage, and is intended to secure the payment of all sums secured hereby.

### REQUEST FOR NOTICE OF DEFAULT
### AND FORECLOSURE UNDER SUPERIOR
### SECURITY DEEDS, MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any security deed, mortgage, deed of trust or other encumbrance with a lien which has priority over this Security Deed to give Notice to Lender, at Lender's address set forth on page one of this Security Deed, of any default under the superior encumbrance and of any sale or other foreclosure action.

IN WITNESS WHEREOF, Borrower has executed this Deed.

Signed, sealed and delivered in the presence of:

_____          _Tom A. Thompson_____ (Seal)
Unofficial Witness                                              TOM A. THOMPSON                         -Borrower

_Marian L. Loobeek_____          _____ (Seal)
Marian L. Loobeek                                                                                                -Borrower
Notary Public,  Douglas            County, Georgia

_____ (Seal)          _____ (Seal)
                                         -Borrower                                                    -Borrower

_____ (Seal)          _____ (Seal)
                                         -Borrower                                                    -Borrower

(Sign Original Only)

LaserDoc (TM) by Delphi Information Sciences Corp  DE218-5 1095

Form 3811
Page 5 of 5

**EXHIBIT A**

BK      PG
1356   0276

## RIDER TO THE SECURITY DEED

Loan No.: ▮▮▮▮▮▮▮▮▮

THIS RIDER TO THE SECURITY DEED is deemed to amend and supplement the Security Deed ("Deed") of the same date given by the undersigned ("Borrower") that secures Borrower's Note to Lender of the same date ("Note") and covering the Property described in the Deed ("Property").

In addition to the covenants and agreements made in the Deed, Borrower and Lender further covenant and agree as follows:

**Acknowledgement and Waiver of Borrower's Rights.** By execution of this paragraph, Borrower expressly: (1) acknowledges the Right to Accelerate the Debt and the Power of Attorney given herein to Lender to sell the property by nonjudicial foreclosure upon default by Borrower without any judicial hearing and without any notice other than such notice as is required to be given under the provisions hereof; (2) Waives any and all rights which Borrower may have under the Fifth and Fourteenth Amendments to the Constitution of the United States. The various provisions of the Constitution for the several states, or by reason of any other applicable law to notice and to judicial hearing prior to the exercise by Lender of any right or remedy herein provided to Lender, except such notice as is specifically required to be provided hereof; (3) acknowledges that Borrower has read this Deed and specifically this paragraph and any and all questions regarding the legal effect of said Deed and its provisions have been explained fully to Borrower and Borrower has been afforded an opportunity to consult with counsel of Borrower's choice prior to executing this Deed; (4) acknowledges that all Waivers of the aforesaid Rights of Borrower have been made knowingly, intentionally and willingly by Borrower as part of a bargained for loan transaction; and (5) agrees that the provisions hereof are incorporated into and made a part of the Deed.

READ AND AGREED BY BORROWER:

_Tom A. Thompson_ (Seal)            _____ (Seal)
TOM A. THOMPSON         -Borrower                                -Borrower

_____ (Seal)            _____ (Seal)
                        -Borrower                                -Borrower

**RIDER TO THE SECURITY DEED (GEORGIA)**          Page 1 of 2

[Notary Seal: MARIAN L LOOBEEK, NOTARY, EXPIRES GEORGIA JULY 13, 2004, PUBLIC, DOUGLAS COUNTY]

**EXHIBIT A**

BK       PG

1356    0277

Loan No.: 

## CLOSING ATTORNEY'S AFFIDAVIT

Before the undersigned attesting officer personally appeared the undersigned closing attorney, who, having been first duly sworn according to law, states under oath as follows:

In closing the above loan, but prior to the execution of the Deed and this Rider by the Borrower, I reviewed with and explained to Borrower the terms and provisions of the Deed and particularly the provisions thereof authorizing the Lender to sell the secured property by a nonjudicial foreclosure under a power of sale, together with this Rider and informed Borrower of Borrower's rights under the Constitution of the State of Georgia and the Constitution of the United States to notice and a judicial hearing prior to such foreclosure in the absence of a knowing, intentional and willing contractual waiver by Borrower of Borrower's rights. After said review with and explanation to Borrower, Borrower executed the Deed and this Rider.

Based on said review with and explanation to Borrower, it is my opinion that Borrower knowingly, intentionally and willingly executed the waiver of Borrower's constitutional rights to notice and judicial hearing prior to any such nonjudicial foreclosure.

Sworn and subscribed before me _August 25, 2000_
on the date set forth above.

_____     _____
Notary Public                                                Closing Attorney

RIDER TO THE SECURITY DEED (GEORGIA)          Page 2 of 2

**EXHIBIT A**

BK      PG
1356  0278

## Legal Description

All that tract and parcel of land lying and being in land lot 133 of the 1st District and the 5th Section of Douglas County, Georgia, and being Lot Numbers 37 and 38 of Del Ridge Subdivision, Unit Two, and recorded in the Real Property Records of Douglas County, Georgia, in Plat Book 12, Page 222; Said Plat being made a part hereof by this reference thereto for a more complete description of the metes and bounds, courses and distances of said property.

RECORDED OCT 1 9 2000
CINDY W. CHAFFIN, CLERK
SUPERIOR COURT, DOUGLAS CO., GA

EXHIBIT A

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | Case No. 17-64990-WLH |
| TOM ALEX THOMPSON, JR. AKA TOM THOMPSON, | Chapter 13 |
| Debtor. | |

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify under penalty of perjury that I am, and at all times hereinafter mentioned, was more than 18 years of age, and that on April 28, 2020, I served a copy of Response to Motion to Sell Real Property which was filed in this bankruptcy matter on April 28, 2020, in the manner indicated:

**The following parties have been served via e-mail**:

Howard P. Slomka
se@myatllaw.com

Nancy J. Whaley
ecf@njwtrustee.com

**The following parties have been served via U.S. First Class Mail**:

Tom Alex Thompson, Jr.
10204 Cavalier Xing
Lithonia, GA 30038

**I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

/s/ *Radha Gordon*
Radha Gordon, Bar No.: 347192
Attorney for Movant
Aldridge Pite, LLP
Fifteen Piedmont Center
3575 Piedmont Road, N.E., Suite 500
Atlanta, GA 30305
Phone: (404) 994-7400
Fax: (888) 873-6147
Email: rgordon@aldridgepite.com